UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TROY WAGNER,

    Plaintiff,

v.                                        Case No.:  2:19-cv-910-FtM-38MRM

CHAD POPPELL and DONALD
SAWYER,

    Defendants.
_____/

## OPINION AND ORDER[1]

Before the Court is Plaintiff Troy Wagner's Civil Rights Action/Complaint (Doc. 1) and Financial Certificate (Doc. 6), construed as a motion for to proceed *in forma pauperis*. For the reasons below, the Complaint is dismissed without prejudice.

## BACKGROUND

Wagner is civilly confined to the Florida Civil Commitment Center ("FCCC") under the Sexual Violent Predators Act ("SVPA"), Fla. Stat. §§ 394.910-.913.  Under the SVPA, a person found to be a sexually violent predator must be housed in a secure facility "for control, care, and treatment until such time as the person's mental abnormality or personality disorder has so changed that it is safe for the person to be at large."  Fla. Stat. § 394.917(2).  The Complaint names Chad Poppell, the Secretary for the Florida Department of Children and Families, and Donald Sawyer, the FCCC director, as defendants.  (Doc. 1 at 2).  Wagner challenges an internal FCCC policy he calls "PRG-

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

11" as unconstitutional. (Doc. 1 at 6). Wagner claims that he received a disciplinary report (DR) for disorderly conduct under PRG-11, which carries a penalty of sixty days confinement. (Doc. 1 at 6). Wagner reasons, because he is not a prisoner and because PRG-11 mirrors the Florida Department of Corrections' ("FDOC") disciplinary policy, PRG-11 amounts to punishment and is unconstitutional. The Court finds the Complaint fails to plausibly state a claim under § 1983.

## STANDARD OF REVIEW

Even though Wagner is a non-prisoner, he seeks to proceed *in forma pauperis* and thus the Court must review his Complaint under 28 U.S.C.§ 1915(e)(2) and dismiss the case if it determines the complaint is frivolous, malicious or fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002). Essentially, § 1915(e)(2) is a screening process to be applied *sua sponte* during the proceedings. While *pro so* complaints are held to "less stringent standards" than those drafted and filed by attorneys, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted), the standard pleading requirements under Fed. R. Civ. P. 8 and Fed. R. Civ. P. 10 still apply to *pro se* complaints. *Giles v. Wal-Mart Distribution Ctr.*, 359 F. App'x 91, 92 (11th Cir. 2009). The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). "[A] lengthy . . . personal narrative suggesting, but not clearly and simply stating, a myriad of potential claims" does not meet the pleading requires of Rules 8 and 10. *Giles*, 359 F. App'x at 93.

This Court uses the standard for Fed. R. Civ. P. 12(b)(6) dismissals for dismissals under § 1915(e)(2)(B)(ii). *See Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

Under Rule 12(b)(6), a complaint may be dismissed if the claim alleged is not plausible. *See Bell Atl. v. Twombly*, 550 U.S. 544, 556 (2007). All pleaded facts are deemed true for Rule 12(b)(6), but a complaint is still insufficient without adequate facts. *See id.* at 556. The plaintiff must assert enough facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The asserted facts must "raise a reasonable expectation that discovery will reveal evidence" for the plaintiff's claim. *Twombly*, 550 U.S. at 556. "[L]abels . . . conclusions, and a formulaic recitation of the elements of a cause of action" are not enough to meet the plausibility standard. *Id.* at 555.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff first must allege a violation of a right secured by the Constitution or under the laws of the United States; and, second, allege that the deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Arrington v. Cobb County*, 139 F.3d 865, 872 (11th Cir. 1998). "[C]omplaints in § 1983 cases must . . . contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Randall v. Scott*, 610 F.3d 701, 707 n.2 (11th Cir. 2020) (citation and internal quotation marks omitted). Further, plaintiff must allege a causal connection between the defendant's conduct and the alleged constitutional deprivation. *Swint v. City of Wadley, Ala.*, 51 F.3d 988, 999 (11th Cir. 1995). Because Plaintiff is *pro se*, the Court must liberally construe the Amended Complaint. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). Courts, however, are not under a duty to "re-write" a plaintiff's complaint to find a claim. *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993). Nor is the Court required to

credit a *pro se* plaintiff's "bald assertions" or "legal conclusions" as facts. Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1357 (3d ed. 2013) (noting that courts, when examining a 12(b)(6) motions have rejected "legal conclusions," "unsupported conclusions of law," or "sweeping legal conclusion . . . in the form of factual allegations").

## DISCUSSION

Turning to this case, the Complaint does not allege enough facts that Defendants deprived Wagner of any of his constitutional rights by implementing PRG-11. Liberally construing the Complaint, it appears Plaintiff suggests his due process rights are being violated because the FCCC adopted the same policy that FDOC uses and, thus, the implementation of this policy at the FCCC makes the FCCC akin to a prison, which is *per se* punitive and violates his constitutional rights. ([Doc. 1 at 3](Doc. 1 at 3)). Wagner fails to attach a copy of PRG-11 to the Complaint, fails to point to any portion or language of PRG-11, or otherwise fails to explain how PRG-11 violates his due process rights. Instead, Wagner generally claims that because PRG-11 is utilized by FDOC it is punitive *per se* and, as a civilly committed person, he should be subject to the same regulations as a mentally ill person committed under the Baker Act.

Due process requires that the conditions of confinement of a non-prisoner not amount to punishment. See [*Bell v. Wolfish*, 441 U.S. 520, 535 (1979)](). Whether a condition of confinement amounts to "punishment" depends on whether the challenged condition is imposed for punishment or whether it is incident to some other legitimate government purpose. [*Id.* at 535, 538 n.16](). Although not a prisoner, sexually violent predators, like other civil detainees, are unquestionably subject to security measures like

those employed by corrections officials. *See id.* at 540; *see also Allen v. Illinois*, 478 U.S. 364, 373-74 (1986) (detainees may "be subjected to conditions that advance goals such as preventing escape and assuring the safety of others, even though they may not be punished."). Other than Wagner's conclusory allegation that PRG-11 is punitive, the Complaint is devoid of factual allegations from which the Court can plausibly construe that PRG-11 is intended to punish Wagner.

Further, Wagner's argument that his status should be compared to mentally ill individuals committed under the Baker Act is similarly unpersuasive. The state legislature expressly recognized that commitment under the Baker Act was "inappropriate" for individuals sought to be committed under the SVPA. Significantly, in its statement of "findings and intent," the state legislature said that the SVPA was aimed at "a small but extremely dangerous number of sexually violent predators . . . who do not have a mental disease or defect that renders them appropriate for involuntary treatment under the Baker Act (§§ 394.451-394.4789, Fla. Stat.)" § 94.910, FLA. STAT. (2000); *see also Westerheide v. State*, 831 So. 2d 93, 112 (Fla. 2002) (rejecting plaintiff's equal protection argument on the basis, *inter alia,* that it "rests on the false premise that individuals subject to commitment under the [SVPA] are similarly situated to mentally ill persons committed under the Baker Act."); *Kansas v. Hendricks*, 521 U.S. 346, 358 (1997) ("[W]e have sustained civil commitment statutes when they have coupled proof of dangerousness with the proof of some additional factor such as mental illness or mental abnormality" (internal quotations omitted)). Thus, Wagner 's status as a civilly committed person under the SVPA is not analogous to a person committed under the Baker Act.

Accordingly, it is now

**ORDERED:**

1. The Civil Rights Action/Complaint (Doc. 1) is **DISMISSED** without prejudice under 28 U.S.C. § 1915(e)(2).[2]

2. Plaintiff Troy Wagner's Financial Certificate construed as a Motion for to Proceed *In Forma Pauperis* (Doc. 6) is **DENIED as moot**.

3. The Clerk is **DIRECTED** to enter judgment, terminate any deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 21st day of February 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-2
Copies: All Parties of Record

---

[2] Because the Court dismisses this action without prejudice, Plaintiff may file a new case if he believes he can plausibly state claim. Plaintiff, however, must file a new complaint accompanied by the requisite filing fee or request to proceed *in forma pauperis* in a new action and must not use this case number on his new complaint.